**In re the MARRIAGE OF Gladys Evelyn FRANK, Petitioner, Appellant,**

**and**

**Elmer Robert Frank, Respondent.**

**No. CX–84–757.**

Court of Appeals of Minnesota.

Oct. 23, 1984.

R.W. Irvine, Irvine, Ramstad, Quam, Briggs, Irvine & Jordheim, P.A., Detroit Lakes, for appellant.

Lynn J. Hummel, Benshoof, Hummel, Sinclair, Schurman, Pearson, Evans & Hunt, P.A., Detroit Lakes, for respondent.

**OPINION**

RANDALL, Judge.

In this marriage dissolution action, wife appeals from the trial court's division of the parties' farm. We affirm.

---

## FACTS

Gladys Moe ("appellant") and Elmer Frank ("respondent") were married in March 1961. At that time appellant had a house in Detroit Lakes which she sold for $13,500, and a new car. She had three children from her first marriage. The parties had one child, now emancipated. Respondent is now 72 years old and appellant is 60.

At the time of the marriage, respondent owned a farm, for which he had paid $4000 in 1952. The farm was still worth only $4000 at the time of the 1961 marriage, because the home on the farm had been destroyed. Appellant invested the $13,500 she got from the sale of her house in building a new house on the farm. Toward the new house, the trial court found that respondent contributed $5,000 of his non-marital funds, and the couple together contributed $1500 of marital funds, for a total contribution to the house of $20,000. The value of the land at that time was $4,000 and the value of the house on it was $20,000, for a total of $24,000. During the marriage, various improvements were made to the buildings over the years, totalling $13,710. Counting the initial contributions and the improvements during marriage, $33,710 was contributed to the house and $4,000 to the land.

At the time of the dissolution, the farm was valued at $80,000, divided equally between the land and the buildings. This figure was the only evidence before the court. The trial court awarded the farm to respondent, but ordered him to pay $25,000 to appellant for her share. If respondent can not pay that sum within four months of the date the order becomes final, the court ordered the farm sold and the judgment satisfied from the proceeds of the sale.

| | |
|---|---|
| Wife's contribution: | $13,500 |
| Husband's contribution: | 9,000 |
| | |
| Marital contribution: | 15,210 |
| | |
| | ——— |
| Total initial value | $37,710 |

Appellant has been employed at the Frazee Retirement Home for the past ten years. She has monthly take home pay of $600. She suffers from diabetes and high blood pressure and has no medical insurance. Respondent retired from farming in 1974 after surgery which rendered him unable to work. He suffers from emphysema and leukemia and requires oxygen 24 hours a day. He receives $288.00 per month in social security benefits and $1506.00 per month in Veterans Administration disability pension.

The parties owned various savings accounts and certificates of deposit worth approximately $49,000 as well as miscellaneous personal property and automobiles which the trial court divided evenly between the parties. Both were satisfied with that division, and it was not challenged on appeal. The sole issue before this court is the farm land and the buildings thereon.

## ISSUE

Did the trial court err in dividing the farm?

## ANALYSIS

▮▮▮ Trial courts have broad discretion in dissolution cases involving property division and that discretion should not be overturned unless it was clearly abused. *Bogen v. Bogen*, 261 N.W.2d 606 (Minn.1977). Appellant alleges that the trial court erred in considering the value of the land separately from the value of the buildings. Were the land and the buildings considered as one unit with a total value of $80,000, application of the formula contained in *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn. 1981) and cases interpreting *Schmitz* would result in the following:

| | |
|---|---|
| | 35.8% |
| (value of land plus $5,000) | 23.9% |
| ($1,500 initially plus $13,710 in improvements) | 40.3% |
| | ——— |
| | 100% |

| | | |
|---|---|---|
| Wife's share: | $28,640 | 35.8% |
| Husband's share: | 19,120 | 23.9% |
| Marital property: | 32,240 | 40.3% |
| Current value: | $80,000 | 100% |

Appellant's non-marital share plus one half of the marital property would thus entitle her to an award of $44,760, and respondent to $35,240.

Unchallenged testimony, however, indicated that the land alone has a value of $40,000. With this figure being the only evidence on the record, the trial court in its discretion accepted it. The land was respondent's non-marital property. To allow the above result, therefore, would be to allow the trial court to award appellant part of respondent's non-marital property. The trial court, in treating the land, worth $40,000, and the buildings, worth $40,000, as two separate assets, chose the more equitable way of applying the *Schmitz* formula.

Treating the land and the buildings as separate assets results in the following:

Land: Husband's non-marital property

| Buildings: | | |
|---|---|---|
| Wife's contribution: | $13,500 | 40.1% |
| Husband's contribution: | 5,000 | 14.8% |
| Marital contributions: | 15,210 | 45.1% |
| Total initial value: | $33,710 | 100% |
| | | |
| Wife's share: (non-marital) | $16,040 | 40.1% |
| Husband's share: | | |
| (non-marital) | 5,920 | 14.8% |
| Marital property: | 18,040 | 45.1% |
| | $40,000 | 100% |

Appellant's non-marital share (to the house only) plus one half of the marital property (house only) thus entitles her to $25,060.00. The trial court awarded her $25,000.00. The court granted respondent $55,000 consisting of the land, valued at $40,000, plus $15,000 of the house with his non-marital contribution and one half the marital contribution, totalling $14,940. Based on this record, the division of property was within the trial court's discretion and proper.

## DECISION

On these facts the trial court did not err in treating farm land and farm buildings as separate assets.

Affirmed.