Patricia Sue WOOSNAM, Appellant,

v.

Kenneth Ray WOOSNAM, Appellee.

Court of Appeals of Kentucky.

May 18, 1979.

Rehearing Denied July 13, 1979.

Discretionary Review Denied Oct. 23, 1979.

Charles E. Moore, Moore & Moore, Owensboro, for appellant.

Robert M. Kirtley, Owensboro, for appellee.

Before GUDGEL, WHITE and WINTERSHEIMER, JJ.

GUDGEL, Judge.

This is an appeal from a portion of a judgment entered in a divorce action. Appellant Patricia Woosnam claims the chancellor erred in his determination of the amount of nonmarital property to be restored to her. No other findings or rulings of the chancellor were preserved for review.

Patricia and Kenneth Ray Woosnam, appellee, were married April 17, 1970. At the date of their marriage Patricia owned a house and lot at 3414 Surrey Drive, Owensboro, against which there was an existing mortgage indebtedness of $9,466.23. It had been purchased for $12,500.00. Kenneth moved into the house after their marriage and the parties resided there together.

Six years later, the Surrey Drive house was sold for $19,175.00, and the entire net proceeds from the sale, after payment of the balance of Patricia's remaining mortgage indebtedness and expenses, were reinvested in another house at 2118 Carriage Drive. This property was purchased for $23,000.00. The parties resided together in this house until their separation on January 25, 1978. The chancellor found the Surrey Drive property had a fair market value of $13,300.00 on the date the parties married and the Carriage Drive property a fair market value of $37,500.00 shortly after their separation.

The chancellor determined that Patricia had a nonmarital interest in the Surrey Drive property of $3,833.77 on the date of marriage. This sum equals the net equity in the property on that date based on its value of $13,300.00 and a mortgage indebtedness of $9,466.23. He then determined that this sum equalled 28.8% of the property's value at the date of marriage and awarded her as nonmarital property that percentage of its sales price of $19,175.00 or $5,587.20. The Carriage Drive house was ordered sold with the net proceeds to be applied first in satisfaction of Patricia's claim for nonmarital property with the balance of the remaining equity to be divided equally as marital property. There was conflicting evidence regarding sums expended for permanent improvements made to both houses, but the chancellor made no findings as to the amount of these improvements and did not consider them in making his award.

Patricia's sole contention on this appeal is that the chancellor erred in determining the amount of nonmarital property to be restored in her pursuant to KRS 403.190. She relies upon this Court's decision in *Robinson v. Robinson*, Ky.App., 569 S.W.2d 178 (1978). In that case we held that if either spouse owns property subject to indebtedness prior to the marriage, the net equity in that property shall be considered nonmarital property at the time of separation in the proportion which the net equity at the date of marriage bears to the value of the property at the date of marriage. In making his award of nonmarital property, the chancellor determined in accordance with *Robinson* that Patricia was entitled to have restored to her 28.8 percent of the value of the Surrey Drive house as of the date of its sale. However, he further ruled that all of the increased value of the Carriage Drive house at the date the parties separated was the result of "joint efforts" or "team efforts" and was thus marital property. We believe that the latter finding is clearly erroneous and reverse.

## I

■ KRS 403.190(2)(b) specifically exempts as marital property any property acquired in exchange for property acquired before the marriage. Subsection (2)(e) of KRS 403.190 exempts as nonmarital property, property acquired before the marriage to the extent that the increase in value of the property did not result from the efforts of the parties during the marriage. These statutes mandate restoration to the spouse having a nonmarital interest in property owned at the date of marriage, the appreciated value of that same interest in any property acquired in exchange during the marriage, not attributable to the joint efforts of the parties. The only requirement is that the spouse prove that the nonmarital funds have been reinvested in the property acquired in exchange. *Turley v. Turley*, Ky.App., 562 S.W.2d 665 (1978).

■ In the case before us the evidence established beyond all doubt that Patricia's nonmarital funds from the Surrey Drive property were reinvested in the Carriage Drive property.

The chancellor found, however, that the increase in the value of the Carriage Drive house between the date of its purchase and the date of the parties' separation ($14,500.00) was attributable to the "joint efforts" or "team efforts" of the parties. We can find no evidence in the record to support this finding. Kenneth argues that his expertise in the real estate market permitted the parties to purchase the Carriage Drive house at less than its market value, but introduced no evidence to establish a value at the date the parties acquired it higher than its purchase price. There was evidence the parties expended sums for permanent improvements, ordinarily attributable to joint efforts, but the chancellor made no findings as to the amount of these improvements. Accordingly, since we find no evidence to support the chancellor's finding that the appreciated value of the Carriage Drive house was attributable to the "joint efforts" or "team efforts" of the parties, the judgment must be reversed.

Upon remand, the chancellor should first determine, using the formula in *Robinson*,

the value of Patricia's nonmarital interest in the Surrey Drive property at the date it was sold. Then, a new ratio should be determined with the value of Patricia's nonmarital interest in the Surrey Drive property being the numerator and the value or purchase price of the Carriage Drive property being its denominator. The new ratio should then be applied to the value of the Carriage Drive property at the date of separation to determine the value of Patricia's nonmarital interest to be restored to her.

The method described above permits the spouse having a nonmarital interest in property at the date of marriage to realize additional appreciation in the value of that interest after reinvestment, in proportion to its value at the date of separation. To hold, as the chancellor did in this case, that the entire increase in value at separation is attributable to joint efforts of the parties, assumes none of the increased value can be attributed to inflationary factors, when in all probability most of the increased value is directly attributable to inflation. The whole rationale for the rule in *Robinson* is to award the spouse having a nonmarital interest in property his or her proportionate share of any increase in the value of that interest during the marriage.

## II

This case is further complicated by the fact that there was evidence as to sums expended for permanent improvements made to both properties during the marriage. As noted previously, the chancellor made no findings as to the amount of these improvements, even though the sums expended for this purpose are properly attributable to the parties' joint efforts and will constitute marital property. *Angel v. Angel,* Ky.App., 562 S.W.2d 661 (1978); *Sharp v. Sharp,* Ky., 491 S.W.2d 639 (1973). Accordingly, upon remand, the chancellor should make specific findings as to the value of these improvements.

A question then arises as to the method by which these improvements shall be taken into account in applying the ratios set out above in determining Patricia's nonmarital interest in the Carriage Drive property. We believe the answer is obvious.

Since the portion of the sales price of the Surrey Drive property attributable to sums expended for permanent improvements constitutes marital property, their value should be deducted from the sales price prior to applying the proper ratio specified above. Likewise, the value of improvements made to the Carriage Drive house should be deducted from its value at the date of separation prior to applying the proper ratio.

The judgment appealed from is reversed and remanded for further proceedings consistent with this opinion.

All concur.