**In Re the Marriage of Earl F. BROWN, petitioner, Respondent,**

v.

**Beverly J. BROWN, Appellant.**

**No. 81–786.**

Supreme Court of Minnesota.

March 5, 1982.

---

Richard G. Day, Minneapolis, for appellant.

Pokorny & Erickson and Wayne A. Pokorny, Minnetonka, for respondent.

KELLEY, Justice.

Beverly J. Brown, respondent in this action for dissolution of marriage, appeals from an order of the district court awarding certain property to the petitioner Earl F. Brown. The principal issue on appeal is whether the trial court erred in distributing the parties' homestead according to its apportionment of the increase in equity between the marital and nonmarital interests. We affirm in part and reverse in part.

In *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981), we approved the formula by which a trial court might correctly apportion the increase in equity between marital and nonmarital assets enunciated in *Woosnam v. Woosnam*, 587 S.W.2d 262 (Ky.App. 1979). The present value of a nonmarital asset used in the acquisition of marital property is the proportion the net equity or contribution at the time of acquisition bore to the value of the property at the time of purchase multiplied by the value of the property at the time of separation. The remainder of equity increase is characterized as marital property and is distributed according to Minn.Stat. § 518.58 (1980).

The trial court here apportioned the increase in equity in the marital and nonmarital assets by employing a formula derived by calculating the percentage each of the parties' contribution of marital and nonmarital assets bore to the total contribution to acquire and maintain the homestead. The net equity of the homestead as valued at the time of separation was then multiplied by the percentage attributed to each party. As a result, Earl Brown was awarded approximately 86% of the net equity of the homestead and Beverly Brown, approximately 14%. This was error for the award failed to adequately account for the distinction between the nonmarital and marital character of the homestead property.

We therefore reverse and remand to the trial court for a reexamination of the property distribution as it relates to the apportionment of the increase in equity between the marital and nonmarital assets in accordance with the *Woosnam* formula as approved in *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981). The hearing on remand is limited to this reexamination of the actual distribution and the valuations assigned to the specific items of property by the trial court are affirmed.

Affirmed in part; reversed and remanded in part.