**Darcy Suzette BERRY, Appellant,**

v.

**Thomas Joseph BRESLAIN, Respondent.**

**No. C6–83–1622.**

Court of Appeals of Minnesota.

Aug. 7, 1984.

Sherman Bergstein, Minneapolis, for appellant.

Daniel J. Goldberg, Moss & Barnett, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

PARKER, Judge.

This is an appeal from a judgment and decree of marriage dissolution entered on August 26, 1983, and from an order amending the decree entered September 21, 1983. Appellant Berry claims the conclusion of law awarding the husband a $9,000 lien on the homestead is inconsistent with the findings of fact. Respondent Breslain filed a notice of review asking for a larger lien, immediate payment of his share, and attorney's fees.

We reverse.

## FACTS

The parties were married on June 6, 1978. Berry owned a house at the time of the marriage and had one daughter from a previous marriage living with her. She purchased the home in March 1977 in a joint tenancy with a person not a party to this dispute. Berry provided the downpayment of $10,200 on the purchase price of $46,500. The other party extended her credit.

Breslain moved in with Berry in late 1977. On July 17, 1978, after their marriage, the home was placed in joint tenancy between Berry and Breslain. The court found that "this was done for the purpose of persuading the mortgagee bank not to invoke its 'due on sale' clause by extending the credit of respondent upon the mortgage obligation." The parties testified that another reason was simply because they were married. They also testified that there was some discussion about an agreement to protect Berry's equity in the house for her daughter.

Fair market value of the homestead at the time of separation and at trial was $76,000. The mortgage balance was $35,200 at the time of separation, approximately July 1, 1982.

Berry started and maintains a day-care center in the home. She also rents out one or two rooms in the house, as the parties often did during their marriage. These are her sole sources of income, and she nets around $1,500 per month. Breslain is a welder and construction laborer and assisted with several improvements on the property. During the marriage they commingled their incomes and paid expenses from a joint account.

The trial court awarded Berry title to the home. Breslain received a $9,000 lien on the home, payable in three years from the date of dissolution. The court did not expressly designate the homestead as marital or nonmarital property.

## ISSUE

Did the trial court err in awarding a lien on the nonmarital homestead to respondent?

## ANALYSIS

■ Berry argues that the trial court found that the homestead was her nonmarital property and therefore the conclusion granting Breslain a lien on it is error, as not supported by the facts. "Nonmarital property" includes property acquired before the marriage and the increase in value of previously acquired property. Minn. Stat. § 518.54 (1982). The form of ownership is not dispositive of its marital or nonmarital nature. *See* Minn.Stat. § 518.54 (1982); *Englund v. Englund,* 286 Minn. 227, 175 N.W.2d 461 (1970).

Berry owned the home before her marriage, establishing it initially as nonmarital property. The increase in its value reflects little more than the natural rise of inflation during that period. The improvements do not appear to be substantial or to have significantly affected the value, as was true in *Faus v. Faus,* 319 N.W.2d 408 (Minn.1982). Breslain's contributions toward the mortgage payments were essentially rent. The mortgage payments re-

duced the principal by only $38 per month throughout the marriage and did not create any substantial equity.

■ The court's finding that title was transferred to joint tenancy to avoid invoking the due-on-sale clause strongly suggests that the sole reason for its transfer was security. There is support in the record for the implicit finding that there was no intent to create a bona fide joint tenancy. *See Englund*, 286 Minn. at 230, 175 N.W.2d at 464.

■ Nonmarital property may be divided only upon a showing of unfair hardship to a spouse due to inadequate resources. Minn.Stat. § 518.58 (1982). Findings in support of the apportionment, based on the relevant factors, are required. Here the trial court made no such findings and, indeed, none could be made. Breslain is a skilled worker and able to earn an adequate income, larger than Berry's, without the home or the lien. Berry requires possession of the home to earn her living and has a daughter living with her. These are relevant factors and mitigate against a finding of unfair hardship on Breslain. *See Dammann v. Dammann*, 351 N.W.2d 651 (Minn.Ct.App.1984); *Filkins v. Filkins*, 347 N.W.2d 526 (Minn.Ct.App.1984).

■ Due to our decision, there is no basis for an award of attorney's fees to respondent.

### DECISION

■ Appellant's home purchased before the marriage, with an increase in value due primarily to economic conditions and with title in a joint tenancy with husband created primarily to ensure security on the mortgage, is nonmarital property and was properly awarded to appellant in its entirety. The trial court's award of a lien on the homestead in favor of respondent is error and is therefore reversed.

Reversed.