**In re the Marriage of Janie C. STROH, Petitioner, Respondent,**

v.

**Donald George STROH, Appellant.**

**No. CX–85–1353.**

Court of Appeals of Minnesota.

March 11, 1986.

Charles D. Reite, Minneapolis, for respondent.

Allen H. Aaron, Minneapolis, for appellant; Charles Rubenstein, Minneapolis, of counsel.

Heard, considered and decided en banc by POPOVICH, C.J., and WOZNIAK, LANSING, HUSPENI, FORSBERG, NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Donald George Stroh appeals from the division of property in a dissolution decree, contending that the trial court failed to properly determine the extent of his nonmarital interest in a home purchased by the parties in 1980. He also challenges an award of $8000 attorney fees to respondent Janie C. Stroh. In a notice of review respondent contends that the division of property should have included an award to her constituting a share of appellant's nonmarital property. She also seeks an increased award of attorney fees. We reverse and remand.

## FACTS

The parties were married on April 15, 1978. They have one child. In September 1976, when the parties were living together before their marriage, appellant purchased a condominium in California for $59,388. He used $30,850 of his own money for the purchase, and the rest of the price was covered by mortgage financing.

Four years later, in March 1980, the condominium was sold and the parties purchased a home in Edina, Minnesota. The condominium sale price was $106,200, and the sale netted $70,680 after payment of $7800 expenses and the remaining mortgage. The home was purchased for $106,000, and a down payment of $65,900 was paid from the proceeds of the condominium sale.

The parties agreed that the value of the Edina home is now $120,000. They owe $39,144 on a mortgage against the home, leaving a current equity of $80,856.

The trial court awarded the home to appellant and concluded that this award included $38,794 nonmarital property and $42,056 marital property. Marital personal property was unequally divided, and appellant received $14,730 more than respondent, whose personal property award was worth about $17,000. To bring about an equal division of marital property the trial court required that appellant pay respondent $28,393, one half of appellant's $56,786 advantage in the award of assets. After first deciding that the parties should pay their own legal costs in the case, on respondent's motion for amended conclusions the trial court awarded her $8000 for attorney fees.

Appellant contends the trial court erroneously calculated his nonmarital share in the Edina home. Analyzing the $65,900 down payment on the Edina home, which came from the proceeds of the sale of the condominium, the trial court concluded that appellant's nonmarital share of the down payment was $34,264, or 52 percent, the proportion his investment in the condominium ($30,850) bore to the condominium price ($59,388). The court then concluded that appellant's nonmarital share in the Edina home was $38,794, the part of its $120,000 value equal to the proportion the $34,264 investment bore to the price of $106,000. Appellant contends that the condominium proceeds were his and that the entire $65,900 down payment on the Edina home was his nonmarital property; this conclusion would increase his present nonmarital share in the home by more than $35,000. (65,900 over 106,000 times 120,000 is 74,604). An equal division of marital property could then be achieved by a cash award of $10,491, one half of the personal property division advantage for appellant plus a $6,252 marital share of the home awarded to him.

Appellant also contends the trial court erred in awarding respondent attorney fees in an amended judgment because respondent offered no new evidence on the matter with her motion for amended conclusions.

Respondent filed a notice of review on appeal, questioning whether the trial court's property division was just and equitable. In her argument, however, she asserts that the trial court did not abuse its discretion in distributing property, but that if it did, this was in failing to award her sufficient property, including an award based on nonmarital property set aside for appellant. Respondent also seeks her costs and an increased award of attorney fees.

## ISSUES

1. Did the trial court err in its calculation of the marital and nonmarital parts of the Edina home?

2. Did the trial court err in deciding to award respondent attorney fees, or in making that decision without new evidence after first deciding to deny the relief?

## ANALYSIS

### 1.

The trial court has limited power to divide non-marital property. The statute provides:

If the court finds that either spouse's resources or property, including his portion of marital property as defined in section 518.54, subdivision 5 are so inadequate as to work an unfair hardship, considering all relevant circumstances, the court may, in addition to the marital property, apportion up to one-half of the property otherwise excluded under section 518.54, subdivision 5, clauses (a) to (d) [four categories of nonmarital property] to prevent the unfair hardship.

Minn.Stat. § 518.58 (1984). However, another statute provides:

All property acquired by either spouse subsequent to the marriage and before a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in a form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, or community property.

Minn.Stat. § 518.54, subd. 5 (1984). The legislature adds:

The presumption of marital property is overcome by a showing that the property is nonmarital property.

Minn.Stat. § 518.54, subd. 5.

■ Nonmarital property includes "the increase in value" of property otherwise covered by the definition. However, the statutory scheme begs the question whether appreciation after the date of marriage is to some extent acquired during that time, so that a part of the appreciated property is presumed to be marital. For investments in the family home this question was resolved in *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981). There the supreme court decided that a spouse who makes a nonmarital investment in the home is entitled to some but not all of the appreciation in the home between the date of marriage and the separation of the parties. *Id.* at 750. The court found that Lawrence E. Schmitz's nonmarital share in a home amounted to approximately $16,000, a part of its present value ($79,300) equal to the proportion his nonmarital investment in the home ($8,000, which was a part payment when the home was purchased eight years earlier, shortly after the parties married) bore to the purchase price ($38,000). *Id.*[1] The $79,300 home was mortgaged at the time the property was divided, having a net equity of $53,600, but the equity value did not enter into the calculation of Mr. Schmitz's nonmarital share. The marital interest in the home was $37,600, the amount of the net equity owned less the nonmarital share. *Id.* See *Brown v. Brown*, 316 N.W.2d 552, 553 (Minn.1982).

■ The rationale of the *Schmitz* formula is evident. Except for a proportion of appreciation that is determined exclusively by considering an identified nonmarital investment, any other appreciation is subject to the statutory presumption that property acquired after marriage is marital property. Minn.Stat. § 518.54, subd. 5. See *Schmitz*, 309 N.W.2d at 749.[2] Thus, a minimum marital share can be determined without exploring the amount of payments or improvements or personal efforts after marriage. Unless these contributions have the characteristics of nonmarital property under section 518.54, it is presumed that appreciation over the proportion allotted to

---

1. It is not necessary to utilize one statement of the formula among several that produce the same result. So, for example, the nonmarital share can be viewed by multiplying the original nonmarital investment by the ratio of the value at separation over the price when acquired. Also, the share can be calculated by adding to the original nonmarital investment a part of appreciation in the ratio of the original nonmarital investment to the original price.

2. *Schmitz* and other precedents do not address calculation of the marital share of a home partially purchased with nonmarital funds. However, the calculations and the result in *Schmitz* show a minimum marital share formula. That share is the part of value at separation equal to the proportion the original price, exclusive of nonmarital funds, bears to the total original price, but then with the product reduced by the mortgage obligation at the time of separation. In other words, loans enter into the formula twice, as to the original investment and the net share at separation. The *Schmitz* formula credits the marriage with appreciation that traces to a home purchase on credit, even as to the part of the debt that is not ultimately paid.

the nonmarital investor traces to marital contributions.

This court has consistently utilized the formula announced by the supreme court in *Schmitz.* *See Kreidler v. Kreidler,* 348 N.W.2d 780 (Minn.Ct.App.1984); *Andersen v. Andersen,* 374 N.W.2d 499 (Minn.Ct. App.1985). The marital share of appreciation was denied in *Berry v. Breslain,* 352 N.W.2d 516 (Minn.Ct.App.1984), where the trial court made no findings on marital property and this court had a firm conviction that the parties intended to set apart a home as separate property.

■ In this case the trial court chose to employ the *Schmitz* formula, but it erred in its analysis of appellant's nonmarital share of the California condominium. Rather than multiplying the nonmarital investment over purchase price (52 per cent) by the value at the time the property was sold, the court multiplied the fraction by the net equity owned by the parties at the time of sale, and invested in the Edina home. Appellant had a nonmarital interest in the condominium, calculated with reference to its sale value of $98,400 (after subtracting expenses of sale), equal to the proportion his $30,850 investment bore to the purchase price of $59,388, or $51,115. This interest was 72.3 percent of $70,680, the net equity produced from sale of the condominium. Because the Edina home down payment was made from the equity received upon sale of the condominium, the trial court justifiably concluded that the nonmarital percentage of the down payment and the condominium equity should be the same. This percentage, however, was 72.3 percent, not 52 percent. The trial court's multiplication reduced appellant's nonmarital contribution to the Edina home by $13,382 (to $34,264 from $47,646, which is 72.3 percent of the $65,900 down payment) and his nonmarital share of the value at separation by $15,145 (to $38,794 from $53,939, which was a part of the $120,000 value to the extent an investment of $47,-646 bore to the original price of $106,000). If the trial court chooses to divide marital property equally, correction of the mistake would reduce by $7572 the amount respondent would be given to equalize marital property awarded to appellant.

The error in multiplying a nonmarital proportion of a purchase by the net equity at the time of separation has not been discussed in earlier cases. The defect in such a formula is easily illustrated. Assume, for example, that one spouse contributes $20,000 to the purchase of an $80,000 home. When the couple separates the home is worth $100,000, a $60,000 mortgage has been reduced to $50,000, and the net equity is $50,000. If the nonmarital interest is $20,000 over $80,000 times $50,-000, the product is $12,500, so that the nonmarital investor has lost part of the investment and all interest in appreciation.

Some confusion about the *Schmitz* formula may trace to language in *Woosnam v. Woosnam,* 587 S.W.2d 262 (Ky.Ct.App. 1979), the case cited in *Schmitz* for its rationale on the apportionment of appreciation. *Woosnam,* like the case here and unlike *Schmitz,* dealt with successive ownership of two homes. The *Woosnam* court spoke of "net equity" in property that would be considered nonmarital property, citing a formula first stated in *Robinson v. Robinson,* 569 S.W.2d 178 (Ky.Ct.App. 1978). However, the language on equity refers only to an original nonmarital investment, the net equity enjoyed then, not equity at the time of separation. This is most evident when it is noted that *Robinson* involved property that was not mortgaged at the time of separation.

Appellant does not rest with the correction we conclude is appropriate in this case. He contends the entire investment in the California condominium was his nonmarital property. He asserts that the date of marriage can be ignored in looking at an investment that he initiated with his funds, because there was no specific evidence of a marital contribution to the investment. This argument disregards the statutory presumption that property acquired after marriage is marital, and it disregards the application of that presumption in *Schmitz.*

Relevant to appellant's argument, the Kentucky Court of Appeals has departed from the rationale of *Woosnam*, its 1979 decision that shaped the *Schmitz* decision in Minnesota. The departure has to do with property that is encumbered at the time a couple separates. *See Brandenburg v. Brandenburg*, 617 S.W.2d 871 (Ky. Ct.App.1981). In *Brandenburg* it was decided that the net equity of property at the time of separation could be viewed as nonmarital in the proportion the nonmarital contribution bears to the total actual contribution of the parties to the investment. *Id.* at 872. The use of this formula requires careful consideration of actual joint contributions after marriage, including mortgage payments and improvements. *Id.* The Kentucky court said that marital contributions included funds but not personal efforts. *Id.* at 873. In light of the statutory presumption of marital property in Minnesota, and the holding in *Schmitz*, this more recent formula of the Kentucky Court of Appeals carries no weight in Minnesota. This conclusion is in accord with the express analysis of the supreme court in *Brown*, 316 N.W.2d at 552.

 Finally, appellant asserts an additional error of the trial court in failing to give him credit for mortgage payments or appreciation on the California condominium while the parties lived in the home before they were married. This contention is developed further in the separate opinion of Judge Wozniak. We disagree with appellant's argument. He had the burden of proving the nonmarital character of property, including the appreciated worth of the condominium that was liquidated two years after the parties were married. Minn.Stat. § 518.54, subd. 5. *See Schmitz*, 309 N.W.2d at 749. Because there was no evidence on the value of the property at the date of marriage, the trial court calculated the nonmarital share by using facts at the date of purchase. As the trial court evidently concluded, proof of appreciation or other contributions was part of respondent's burden to prove that appreciation through the date of sale was nonmarital property. Because appellant failed to offer evidence of that kind, he cannot claim the trial court erred in calculating his interest on the evidence in the record.

Respondent contends that justice and equity require a greater property award for her. The trial court is required to make a "just and equitable division" of marital property. Minn.Stat. § 518.58. In addition, respondent claims her circumstances are such that she should be given an award based at least in part on nonmarital property set aside for appellant. Because the trial court's determination of marital and nonmarital property must be altered, we do not reach these arguments of respondent. They must first come before the trial court on a remand of the case.

## II.

 An award of attorney fees will not be disturbed on appeal absent a clear abuse of the trial court's discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 611 (Minn. 1977). The award here expressly took into account the history of the case, the property division, and the relative financial circumstances of the parties. The court found that respondent was unemployed during the course of the proceedings, except for a brief period in November 1984. The court also noted that respondent received no fees prior to trial, when the issue was reserved. We conclude that the trial court did not abuse its discretion in its award, but we deny respondent an increase in the award.

 Appellant contends that the trial court erred in reversing its original determination against an award of fees, because respondent presented no new evidence in posttrial motion proceedings. As respondent contends, the purpose of a motion to amend conclusions is to permit the trial court a review of its own exercise of discretion. *See* Minn.R.Civ.P. 52.02. The court acted according to law in its review and redetermination on this issue.

## DECISION

The trial court's division of property is reversed and the matter remanded for re-

determination of the division of property according to the standards of Minn.Stat. § 518.58. The trial court decisions may be made on the present record and with regard for the contents of this opinion on the classification of marital and nonmarital property. The trial court's award of attorney fees is affirmed, and respondent is denied an increase in that award.

Reversed and remanded.

WOZNIAK, J., concurs in part and dissents in part.

POPOVICH, C.J., and NIERENGARTEN, J., dissent.

WOZNIAK, Judge (concurring in part and dissenting in part).

I concur in the decision to remand, but dissent as to the extent of that remand.

The trial court correctly noted that the formula set forth in *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981), should be applied in determining the marital and nonmarital interests in the homestead. However, the trial court did not follow through and apply the *Schmitz* formula to the facts. The trial court recognized that it had no evidence on two essential facts: the value of the condominium at the time of the marriage and appellant's equity in the condominium at the time of the marriage. Instead of obtaining more evidence on these necessary facts, the trial court used another method to compute appellant's nonmarital share. That was an abuse of discretion.

Property acquired before a marriage is "nonmarital property." Minn.Stat. § 518.-54, subd. 5 (1984). Absent a finding of unfair hardship, a court is without authority to divide any property other than "marital property." Minn.Stat. § 518.58 (1984); *Cummings v. Cummings*, 376 N.W.2d 726, 730 (Minn.Ct.App.1985).

As applied to these facts, the only portion of the condominium which is marital property is the sum of the appreciation in value of the condominium *after the date of marriage* and the increase in owner's equity (as a result of payments on the mortgage principal) *after the date of marriage.* Thus, in order to correctly divide the condominium between marital and nonmarital property, the trial court was required to determine the value of the condominium at the time of marriage and appellant's equity in the condominium (downpayment plus payments on the mortgage principal plus any appreciation) at the time of marriage.

The majority and dissent recite that appellant had the burden of proving the nonmarital character of any appreciation or principal payments, citing Minn.Stat. § 518.54, subd. 5 (1984). However, the presumption of marital property contained in subd. 5 explicitly applies only to property acquired *subsequent* to the marriage. Because the condominium was acquired before the marriage, the presumption has no effect here and certainly cannot operate to place a burden of proof on appellant. *VandeLoo v. VandeLoo*, 346 N.W.2d 173 (Minn.Ct.App.1984), cited by the dissent, has no bearing on this point because the property at issue in that case was acquired subsequent to the marriage. Furthermore, as stated above, a court has no power to divide nonmarital property absent "unfair hardship," and this lack of authority cannot be conveniently sidestepped by asserting that appellant had the burden of proof.

Thus, upon remand, the parties should also be permitted to introduce evidence concerning the value of the condominium on the date of marriage and appellant's equity in the condominium on the date of marriage.

NIERENGARTEN, Judge (dissenting).

I respectfully dissent. The trial court arrived at a figure that, while not reflecting the figure which would have been reached had it strictly followed the *Schmitz* formula, was within a justifiable range given the wide discretion enjoyed by the trial court in matters of this kind. *See Schmitz*, 309 N.W.2d at 750. *See also In re the Marriage of Rohling v. Rohling*, 379 N.W.2d 519, 522 (Minn.1986) (a trial court's property distribution is to be given

great deference and must be affirmed if it has an acceptable basis in fact and principle, even if the reviewing court might have reached a different result). Moreover, the burden was on Donald to prove the non-marital character of the funds he invested in the condominium. *See VandeLoo v. VandeLoo*, 346 N.W.2d 173, 177 (Minn.Ct. App.1984). His failure to provide the court with the condominium's fair market value at marriage required the court to utilize other figures. Thus, I cannot say the trial court erred in awarding Donald $38,794 as non-marital property.

Finally, I believe there is a real danger in an appellate tribunal making its own calculations to determine the mathematical errors of a trial court committed in misapplication of a murky formula where the overall end results appear to be equitable. Appellate courts have enough to do with reading briefs and writing opinions without becoming mathematicians.

POPOVICH, Chief Judge (dissenting).

I join in the dissent of Judge Nierengarten.