**In Re the Marriage of Lowell L. EDLUND, petitioner, Appellant,**

v.

**Andrea M. TENNIS, Respondent.**

**No. C7–86–526.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Michael E. Stephan, Hopkins, for appellant.

Carol Ann O'Toole, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FOLEY, Judge.

Lowell L. Edlund appeals from a judgment of dissolution, claiming an abuse of discretion in the trial court's division of homestead property and in its award of temporary maintenance and attorney's fees

to Andrea M. Tennis. We affirm in part, reverse in part and remand.

## FACTS

Appellant Lowell L. Edlund and respondent Andrea M. Tennis were married in May 1978. Each had two minor children from previous marriages who lived with the parties throughout their marital relationship. Dissolution proceedings were commenced by appellant in December 1984.

At the dissolution trial, a key issue was disposition of the homestead which respondent owned prior to the marriage, subject to a lien in favor of her ex-husband. Shortly before her marriage to appellant, respondent took out a $10,000 home improvement loan. The proceeds from this loan were deposited into the parties' joint account. Both parties subsequently made payments on this loan. On April 28, 1978, approximately one month before the marriage, a second mortgage on the homestead was paid off with $1,475.68 from the joint account.

On May 26, 1978, six days after the parties' marriage, home improvement proceeds were used to pay respondent's ex-husband $3,500 on his marital lien against the homestead. On June 26, 1978, appellant received $13,300 from the sale of a home owned during his prior marriage. These proceeds were also placed in the parties' joint account and used to pay the final $4,000 of the marital lien. In exchange for the $7,500 he received, respondent's former husband executed a quit claim deed to both parties as tenants in common.

The trial court made the following findings regarding the parties' income and expenses:

[Appellant] is employed at Advance Circuits, Inc., and earned a gross salary of $31,003 in 1984. Without overtime, the net is $350 weekly. His budget indicates the income is used for living expense for himself and his children.

\*    \*    \*    \*    \*    \*

Respondent is employed at Hennepin County and earned a gross salary of approximately $12,000 in 1984 from regular and overtime pay. Respondent's monthly expenses are $1,510.68, and exceed her net monthly income of $837.42. The trial court further found that respondent "receives occasional child support from her former spouse." The trial court concluded that respondent was entitled to $100 per month in rehabilitative maintenance for one year:

The Respondent is currently retraining to earn her license as a psychologist. She expects to earn her degree in 1989, and is required to serve two years of internship. Upon completion of the internship, she anticipates earning $24,000 annually. She is currently incapable of meeting her needs independently.

The parties stipulated to the following:
1. Value of the homestead *at the time of marriage* = $48,896
2. Value of the homestead *at the time of trial* = $68,000
3. Mortgage balance *at the time of trial* = $13,551.90

Appellant also agreed to respondent's continued occupancy of the homestead until emancipation of her youngest child in 1991. Neither party presented evidence as to the mortgage balance at the time of marriage. Based on these values, the trial court awarded respondent all right, title and interest in the homestead subject to a lien of $3,776.05 in appellant's favor.

Finally, the trial court retained jurisdiction over the disposition of the homestead. In its memorandum, the trial court explained:

Each party brought to this marriage nonmarital property, which they *pooled in the home, and in joint checking and savings accounts, without allocation. There is no claim by either for nonmarital credit.*

Each party had two children from prior marriages, and each contribute his earnings to the common good. They have handled the separation in a most creditable manner. The main contention is their

interest in the home, which was Respondent's prior to the marriage, and now owned by them as tenants in common.

Both parties agree that Respondent remain in the home with her children until the youngest attains majority in 1991. Several contingencies have been addressed to require sale. *If Respondent remains there until 1991, making mortgage payments and maintenance, she would be entitled to division of proceeds of sale on the basis of marital interest.* If not—and this is conjectural—such a division may not be proper.

It is for this reason that the Court retains jurisdiction of this part of the proceedings.

Respondent should have a limited addition to her income for a short time, and a portion of her attorney's fees. (Emphasis supplied.)

On March 6, 1986, pursuant to appellant's motion, the trial court amended its conclusions to allow appellant 90 days to pay the $1,295 in attorney's fees and awarded respondent additional attorney's fees of $150 "for appearing at this hearing." This amount was also due within 90 days. All other aspects of appellant's post-trial motion were denied. This appeal followed.

### ISSUES

1. Did the trial court abuse its discretion in its disposition of the homestead?

2. Did the trial court abuse its discretion in awarding respondent rehabilitative maintenance at $100 per month for one year?

3. Did the trial court abuse its discretion in awarding respondent attorney's fees?

### ANALYSIS

█ 1. Appellant does not dispute the validity of his agreement to allow respondent continued occupancy of the homestead until 1991 (the date her youngest child will become emancipated) but claims that he is entitled to an increased share of the equity in the homestead pursuant to *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981), and *Stroh v. Stroh*, 383 N.W.2d 402 (Minn.Ct. App.1986). Alternately, he argues that if the lien properly reflects his marital interest in the property, the trial court should not be allowed to speculate on future consequences and thus potentially reduce the amount of his interest.

Respondent asserts that appellant's reliance on *Schmitz* and its progeny is misplaced since the homestead was not purchased with one party's nonmarital funds, but rather owned as her nonmarital property prior to the marriage subject to a lien in favor of her ex-husband. She further claims that she amply established this fact at trial and thus met her burden of proving the property was nonmarital as required under *Van De Loo v. Van De Loo*, 346 N.W.2d 173 (Minn.Ct.App.1984). The trial court adopted this view in its findings.

| | |
|---|---|
| $68,000.00 | (stipulated value at trial) |
| | (stipulated value at |
| − 46,896.00 | marriage) |
| 21,104.00 | |
| | (stipulated value |
| | mortgage balance at |
| − 13,551.90 | trial) |
| = $7,553.00 | |
| | $3,776.05 lien to |
| (divided by 2) = | appellant. |

Although *Schmitz* is factually different from the present case, the basic principles underlying division of appreciated homestead property still apply.

Except for a proportion of appreciation that is determined exclusively by considering an identified nonmarital investment, any other appreciation is subject to the statutory presumption that property acquired after marriage is marital property. Minn.Stat. § 518.54, subd. 5. *See Schmitz*, 309 N.W.2d at 749.

*Stroh*, 383 N.W.2d at 405 (footnote omitted).

Pursuant to *Schmitz*, respondent's net equity is determined by subtracting total encumbrances from the value of the homestead at marriage. Since neither party of-

fered evidence as to the mortgage balance due *at the time of marriage,* it is impossible to determine respondent's net equity, the starting point under *Schmitz.* Utilizing *Schmitz,* the proper calculation would be as follows:

1. $46,896   –   ×
(stipulated value at marriage)    (total encumbrances— mortgage balance at marriage and $7,500 lien)

(divided by) $46,896 = percent of pre-marital interest

2. % of pre-marital interest × $21,104 (appreciation value— $68,000–$46,896) = nonmarital interest in appreciation

3. $21,104–nonmarital interest = marital interest in appreciation

4. marital interest divided by 2 = amount of appellant's lien

This issue is therefore remanded to the trial court for a proper calculation of the parties' interests in the homestead under *Schmitz.*

Furthermore, it is unnecessary and improper for the trial court to retain jurisdiction over disposition of the homestead with an eye toward reducing appellant's marital share. He is entitled to receive his marital share of the property as determined at the time of dissolution. Future consequences or contingencies relating to his marital interest in the homestead are irrelevant. Once the marriage is dissolved, the matter is ended.

■ 2. Appellant claims that the maintenance award is erroneous because it is based on findings that do not distinguish between respondent's need for reasonable support and the needs of her children. We disagree. With the exception of $10 per month in school lunches, the evidence supports the finding that respondent's own expenses exceed her net monthly income.

Appellant also attempts to frame the maintenance issue as a "negative child support case," and claims that the trial court failed to take into account the child support respondent currently receives and appellant's own obligation to support his two children. This argument is without merit. Child support and spousal maintenance are not co-dependent issues. If any similarity is to be found between the two, it relates to the obligor's ability to pay once a need is demonstrated. The evidence here supports finding that respondent is presently unable to meet her needs independently and that appellant is financially able to provide rehabilitative maintenance for one year.

■ 3. Appellant further argues that the trial court's award of $1,295 attorney's fees constitutes an abuse of discretion since he demonstrated at trial that he had only $600 in liquid assets available. It is settled law that a trial court has broad discretion in awarding attorney's fees under Minn.Stat. § 518.14 (1984). *Kelly v. Kelly,* 374 N.W.2d 580, 582 (Minn.Ct.App. 1985). In granting attorney's fees, a trial court must make findings on each party's financial position and on the receiving party's need for financial assistance. *Wende v. Wende,* 386 N.W.2d 271, 276 (Minn.Ct. App.1986). Here, the trial court clearly made these findings and also addressed the effect retraining would have on respondent's future financial position. Since the evidence supports finding that appellant earns almost three times more than respondent, such an award was well within the trial court's discretion.

## DECISION

The trial court did not abuse its discretion in awarding respondent rehabilitative maintenance and in awarding her attorney's fees. The trial court's division of homestead property is reversed and remanded for reconsideration in accordance with this opinion.

Additional attorney's fees of $400 are allowed for this appeal.

Affirmed in part, reversed in part and remanded.