**In Re the Marriage of Jane E. GRAEBER, n.k.a. Jane E. DeMay, petitioner, Respondent,**

v.

**Jack C. GRAEBER, Appellant.**

No. C4–86–578.

Court of Appeals of Minnesota.

Aug. 26, 1986.

Caryn F. Brenner, John J. McDonald, Jr., Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for respondent.

Mark R. Anfinson, Lake Calhoun Prof. Bldg., Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

PARKER, Judge.

### FACTS

Appellant Jack Graeber and respondent Jane Graeber married in August 1981 and permanently separated in June 1982. Respondent petitioned for dissolution of the marriage in August 1983; after appellant failed to comply with several court orders, respondent was allowed to proceed by default. The trial court issued findings of fact, conclusions of law, and order for judgment following a hearing in December 1984. Judgment was thereafter entered.

The trial court subsequently granted appellant's motion to vacate part of the judgment, specifically, the award to respondent of certain items of personal property and the award to respondent of a $15,000 lien on rental property owned by appellant before the marriage and located on south Hennepin Avenue in Minneapolis. The parties reached an agreement as to the division of personal property, and the only issue remaining involved apportionment of the marital and nonmarital interests in the Hennepin Avenue property.

A hearing was held before a family court referee in August 1985. The referee found that the value of the property at the time of the marriage in August 1981 was $80,000, with encumbrances totalling $33,000, and that the value at the time the parties separated in June 1982 was $86,600. The referee concluded that respondent "is entitled to a lien against the property * * * for one-half of the appreciation in the property from the parties' marriage until the parties' separation" and awarded respondent a lien against the property in the amount of $3,300.

Appellant filed a notice of review of the referee's order under Minn.Stat. § 484.65, subd. 9 (1984). This appeal is from the district court's order[1] confirming the referee's order "in all respects." Appellant contends the trial court erred in awarding respondent half of the appreciated value of the Hennepin Avenue property, thus invading his nonmarital property without any finding of unfair hardship. We agree, reverse and remand.

### DECISION

In apportioning nonmarital and marital interests in property, a trial court must apply the formula set out in *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981). The parties do not contest the referee's findings as to the value of the property at the time of marriage and at the time of separation. Under *Schmitz*, appellant's nonmarital interest in the Hennepin Avenue property was 58.75 percent of its total value; his nonmarital interest in the appreciation, therefore, equals approximately $3,877 (58.75 percent of $6,600), and the marital interest equals approximately $2,723 ($6,600 minus $3,877). The award to respondent of a $3,300 lien on the property, or an amount equal to one-half of $6,600 (the *total* appreciation during the marriage), was error and improperly invades nonmarital property without a finding of unfair hardship as required by Minn.Stat. § 518.58 (1984). A trial court's distribution of *marital* property may be entitled to great deference, but its discretion is limited once property has been defined as nonmarital. *See Rohling v. Rohling*, 379 N.W.2d 519, 522 (Minn.1986).

Respondent unpersuasively argues that a finding of unfair hardship is implicit in the record because she was not granted a marital interest in two other pieces of nonmarital property. However, this appeal involves only apportionment of the Hennepin Avenue property. The rest of the property distribution has not been challenged and is not properly before this court. Respondent also argues that unfair hardship is implicit in the record because she was forced to incur significantly greater legal fees due to appellant's "uncooperative and dilatory tac-

---

1. An order of the district court confirming a referee's order is appealable under Minn.R.Civ. App.P. 103.03(e). *See Coady v. Jurek*, 366 N.W.2d 715, 717–18 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. June 27, 1985).

tics." While this assertion may well be true, the award of $1,000 in attorney's fees to respondent should cure any hardship suffered by her. Without a specific finding to indicate that the referee and the district court awarded this lien based on unfair hardship, it would be mere speculation to accept respondent's arguments. The matter is remanded for application of the Schmitz formula.

Reversed and remanded.