**STEVENS COUNTY SOCIAL SERVICE DEPARTMENT ex. rel. Sue BANKEN, petitioner, Respondent,**

v.

**Steven BANKEN, Appellant.**

**No. C5-86-1707.**

Court of Appeals of Minnesota.

April 7, 1987.

Considered and decided by CRIPPEN, P.J., and WOZNIAK, and STONE *, JJ.

## OPINION

CRIPPEN, Judge.

In this proceeding for the modification of his child support obligation, appellant Steve Banken challenges the trial court's finding on his income and findings on other changes in circumstances. He also alleges error in the trial court's use of an order to show cause to initiate the modification proceedings. We affirm the court's finding that there has been a substantial change in circumstances, but reverse the modified award based on the court's determination of appellant's income. We remand for a redetermination of appellant's income and, in light of that redetermination, further consideration of whether the changed circumstances have rendered the original order unreasonable and unfair.

## FACTS

The marriage of appellant Steve Banken and respondent Sue Banken was dissolved by judgment entered in August 1983. Appellant was ordered to pay $133.32 per month for the support of two minor children, Chris, now age 16, and Steven, Jr., now age 11. As an AFDC recipient, Sue Banken's right to support was assigned to respondent Stevens County Social Services Department.

In July 1986, respondent Stevens County sought to increase appellant's child support obligation. The county submitted an affidavit executed by Sue Banken and moved for an order to show cause against Steve Banken but did not file a separate motion for modification. The trial court ordered appellant to appear in two weeks and show cause why there should not be a modification increasing his child support obligation. Appellant moved to strike the order to show cause and to deny modification of support.

James H. Martin, Stevens Co. Atty., Theodora D. Economou, Charles C. Glasrud, Asst. Co. Attys., Morris, for respondent.

Jon K. Dalager, Morris, for appellant.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Steve Banken appeared and testified at the trial court hearing without further objection to the order to show cause. The court reviewed documentary evidence and received testimony from both parents on their financial circumstances at the time of the dissolution and at the present time. The court issued findings on the changed incomes and needs of each parent and on the changed needs of the children and concluded that Sue Banken's increased expenses and decreased earnings constituted a substantial change in circumstances. The court further concluded that these changes, together with an increase in appellant's earnings, rendered the original support order unreasonable and unfair.

The court found the expenses of respondent and the children had increased from $541 in August 1983 to $907 at the time of the modification hearing in July 1986.[1] Respondent's receipt of $506 in AFDC benefits is indicative of these needs, and she also depends on income from part-time employment. The court found that respondent's budget is frugal and does not include any nonessential items not related to the needs of the children.

The court found respondent has present net income from employment of $148 per month. Beginning in August 1983, respondent had been employed full-time, earning over $900 per month for the next three years. In June 1986, however, she was forced to relinquish her full-time employment for reasons relating to the health of the parties' youngest child, Steven, Jr.

Comparing respondent's reasonable expenses to her current income, the court found respondent required an additional $759 per month. The court concluded the increased household costs and the decreased household income constituted a substantial change in respondent's circumstances that rendered the terms of the original support order unreasonable and unfair.

The court also found that Steve Banken, a farmer, enjoyed an increase in income. The court viewed this increase as another factor rendering the original support order unreasonable and unfair. The court found appellant's net monthly income increased from $267 in 1983 to $1263 at the time of the modification hearing. The court also found $1263 represented appellant's present earning ability.

The court based its finding of $1263 on appellant's average after-tax farm income, excluding depreciation, for 1984 and 1985. The court justified its exclusion of depreciation with the statement that depreciation "is not an out-of-pocket expense." The court recognized that deductions for repair costs are permitted, observing that appellant's "repairs on worn machinery are items of expense in the year in which the machinery is repaired and are thus an offset against profits for that year."

The court found appellant has monthly expenses of $701, excluding his child support obligation, indicating an ability to contribute $562. The court also found appellant's assets consist of farm equipment valued at $25,000 and a 1985 pickup truck valued at $10,000. However, the court refused to consider the cost of principal payments on appellant's farm debts. Appellant's affidavit shows nearly $44,850 in debts, including $9500 for the pickup truck, $2500 borrowed to assist an emancipated child, $700 in medical bills, and $32,150 in farm-related indebtedness.

The court concluded the changed circumstances rendered the terms of the original support order unreasonable and unfair and thus warranted a modification in the support order. The court applied the statutory child support guidelines to the net monthly income of $1263 and increased appellant's child support obligation from $133.32 to $378.90. Steve Banken appeals.

### ISSUES

1. Does the evidence support the trial court's determination of appellant's income?

---

1. The court detailed respondent's increases as 47% in ordinary monthly expenses plus nearly 300% in additional yearly expenses.

2. Does the evidence support the trial court's finding of a substantial change in respondent's circumstances?

3. Did the trial court err in using an order to show cause to notify appellant of the modification hearing?

## ANALYSIS

■ 1. The decision to modify an award of child support is left to the broad discretion of the trial court. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). An abuse of discretion exists only if the appellate court finds a " 'clearly erroneous conclusion that is against logic and the facts on record.' " *Id.* (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)). However, the discretion must be exercised within the limits set out by the legislature. *Id.*

The governing statute provides that an order for support may be modified upon a showing of one or more changes in circumstances, including "(1) substantially increased or decreased earnings of a party;" or "(2) substantially increased or decreased need of a party; * * * any of which makes the terms unreasonable and unfair." Minn.Stat. § 518.64, subd. 2 (Supp.1985). "On a motion for modification of support, the court shall take into consideration the needs of the children * * *." *Id.*

Proceedings under the statute raise three questions: (1) Do any of the factors listed create a substantial change in circumstances? (2) Does the change make the original decree unreasonable or unfair and thus warrant modification? (3) If so, what modification should the court make? *See Moylan*, 384 N.W.2d at 864; *Price v. Price*, 390 N.W.2d 483, 485 (Minn.Ct.App.1986).

Appellant disputes the trial court's determination of his income, both as it shows that the terms of the original order are unreasonable and unfair and as it supports the amount of the modification. He challenges the court's disregard for depreciation and for his debt load.

■ The court correctly pointed out that repair costs are items of expense in the year in which the machinery is repaired and are offset against profits. What the court failed to take into account, however, is the question of replacement costs necessarily suffered by farm operators in order to maintain income. Absent evidence indicating appellant does not have machinery replacement costs from time to time, the total disregard of depreciation is reversible error.

Respondent cites *Knott v. Knott*, 358 N.W.2d 493 (Minn.Ct.App.1984) as supportive of the trial court decision, arguing *Knott* held it is error to consider depreciation. *Knott* does not establish a basis for disregarding depreciation. Rather, it notes that farm income is not determinable solely from tax returns and that an accountant might have to be consulted to accurately construct a farmer's income. *Id.* at 496. The court in *Knott* remanded the case for additional proceedings on the farmer's income, including the appropriate consideration of any depreciation factors. *Id.* Similarly, we must remand here with the observation that if the trial court determines specific grounds for disallowing depreciation, its determination of appellant's income will nevertheless depend on evidence going beyond a simple exploration of tax returns. *See id.*

■ A remand is also necessary because the trial court erroneously disregarded appellant's indebtedness. The court concluded appellant's "private debts" cannot be considered because respondent's support obligation has been assigned to a public welfare agency under Minn.Stat. § 256.74. *See* Minn.Stat. § 518.551, subd. 5(b)(1) (1984). It is a misconstruction of subdivision 5(b)(1), however, to equate business debts or other debts related to the production of income with "private debts." At least $32,150, and possibly $41,650, of appellant's debt was incurred for the production of income. Because appellant's income and his corresponding ability to pay child support depends on payment of these debts, they must be taken into account when determining the amount of income available for child support.

■ Appellant contends the trial court committed several other errors in determining his income. He argues the court erro-

neously considered that part of his 1985 income that constituted income carried over from several prior years. There is no merit in this argument, however, because the court acknowledged the carryover and averaged appellant's 1984 and 1985 incomes. Appellant also claims the court failed to consider tax payments, Social Security payments, cost of insurance coverage, and current child support payments. To the contrary, the trial court made findings on the amount of income tax and Social Security tax paid, and deducted these amounts to determine his net income. The court found appellant paid no health insurance premiums, and appellant did not provide the court with information on his own health insurance costs. The court was not mandated to reduce appellant's income by the support obligation he is presently paying for the two dependent children. *See* Minn. Stat. § 518.551, subd. 5 (1984) (amended 1986). On remand, there is no need to disturb the trial court's determinations on these supplemental income factors.

2. Appellant also claims error in the trial court's conclusion that there has been a substantial change in circumstances independent of any increase in appellant's income. The court found a change in circumstances resulted from respondent's increased household needs and from her decreased income.

The court found the children's growth has greatly increased their needs, particularly for food, clothing, and school expenses. The court found that respondent's "budget is frugal and does not include any nonessential items not related to the needs of the children." The court also found that respondent, who stopped receiving AFDC immediately after the dissolution because she obtained full-time employment, had to greatly reduce her working hours in June 1986 and return to dependency on AFDC. Respondent reduced her work time "at the request of her youngest son's school counselor and psychologist." The court noted that respondent and Steven, Jr., are "currently involved in a therapy regimen" due to Steven's "emotional problems that developed subsequent to the divorce." The court found respondent was forced to

"choose either between her son's emotional well-being, staying at home and obtaining AFDC in order to make ends meet, or going to work and being unavailable for her son."

■ Appellant raises several challenges to these findings. He claims respondent has more rather than less income now than she did in 1983, because at the time of the 1983 trial she was unemployed and receiving $400 in AFDC benefits, while now she has part-time employment and $506 in AFDC benefits. The trial court found respondent began full-time employment in the same month as the 1983 trial proceedings, and continued that employment until June 1986, shortly before she brought her modification motion. We find nothing in the record to suggest that the original child support determination was based on respondent's prior unemployment as opposed to her actual employment in the three following years. In addition, her increase in AFDC benefits is a measure of increased need, not just increased resources.

■ Appellant also argues the court improperly considered respondent's receipt of AFDC benefits as a substantial change in her needs. Appellant misconstrues the trial court finding, which was that her receipt of public assistance was a change only in the sense that it highlighted her loss of personal earnings. The court's findings on need were based on respondent's actual and reasonable expenses.

■ Appellant further disputes the trial court's findings on respondent's increased needs. He argues the children's greater needs should not be recognized solely because they are older or because the cost of living has increased, and points out that the child support guidelines provide the same support for children of all ages. There is no evidence that the trial court relied on any assumptions in finding that respondent has increased expenses. Rather, the court expressly considered the children's demonstrated needs and made findings in accordance with those needs.

In sum, the trial court's findings on the change in respondent's circumstances, both

as to earnings and as to needs, are supported by the record. These two factors provide support for the court's conclusion that there has been a substantial change in circumstances, independent of any change in appellant's income. On remand, and upon a redetermination of appellant's income, the court must determine whether the several changed circumstances have made the original support order unreasonable and unfair.

3. Appellant alleges four bases for finding error in the trial court's use of the order to show cause. First, he argues this case involves none of the situations where the power to issue orders to show cause has historically been exercised.

Orders to show cause have traditionally issued where there is a need to shorten the time for a hearing. *See Larson v. Minnesota Northwestern Electric Railway Co.,* 136 Minn. 423, 425, 162 N.W. 523, 524 (1917) (power to issue an order to show cause is inherent and is commonly used where a restraining order is necessary or where the court deems it wise to fix the time for hearing). The need for a party's personal appearance also justifies an order to show cause. *See* Minnesota Code of Rules for the District Courts, Part I, Rule 21 ("An order to show cause will be issued only in a case where a statute or Rule of Civil Procedure provides that such an order may be issued or where the court deems it necessary to require the party to appear in person at the hearing").

The rules specifically contemplate the need for a party's personal appearance where contempt is alleged. *See* Uniform Rules of Procedure for Family Court Dissolution Matters, Rule 6.02 (effective until January 1, 1987) (the order to show cause "shall direct the opposing party to appear and show cause why he should not be held in contempt of court"); Minn.R.Fam.Ct.P., Rule 2.06 (effective January 1, 1987) ("An order to show cause shall be issued only where the motion seeks a finding of con-

tempt or the supporting affidavit makes an affirmative showing of a need to require the party to appear in person at the hearing").

In dissolution matters, contempt allegations create the most acceptable use of an order to show cause. The contempt usually arises from a failure to pay child support or maintenance. Appellant places great weight on the absence of allegations of contempt here, arguing that under the rules in effect at the time of the hearing, contempt provided the exclusive basis for orders to show cause in dissolution matters. *See* Uniform Rules of Procedure for Family Court Dissolution Matters, Rule 6.02 (effective until January 1, 1987).

There are, however, occasional modification of support cases where contempt was not alleged but the motion for modification was nevertheless brought to the court under an order to show cause. *See, e.g., Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986);[2] *Kiesow v. Kiesow,* 270 Minn. 374, 377–79, 133 N.W.2d 652, 656–57 (1965) (obligee obtained 3 orders to show cause over a 6–year period, each time requesting only that support and maintenance be increased); *Johnson v. Johnson,* 269 Minn. 253, 255, 130 N.W.2d 544, 545 (1964) (when obligor inherited property after final divorce decree, obligee obtained an order to show cause to get an order for maintenance and to get increased support); *Saturnini v. Saturnini,* 260 Minn. 494, 494–95, 110 N.W.2d 480, 481 (1961) (by way of order to show cause, obligee sought to increase child support).

We agree that with modification motions it is preferable for the trial court to require use of a notice of motion, together with the issuance of a subpoena, to assure any necessary attendances at the hearing. However, there is no support for appellant's claim that use of the order to show cause is absolutely confined to allegations of contempt. In the circumstances here, the trial court's issuance of the order

---

**2.** In *Moylan,* the supreme court referred only to various "motions" filed by the obligee. *Moylan,* 384 N.W.2d at 861. However, this court's *Moylan* opinion makes clear that the obligee ob-

tained orders to show cause for increases in support. *Moylan v. Moylan,* 368 N.W.2d 353, 355 (Minn.Ct.App.1985).

to show cause was technically justified by the need for appellant's appearance. Appellant has not disputed that his attendance was necessary, and he voluntarily appeared and participated in the proceedings.

Second, appellant questions whether respondent's motion for modification was sufficient under Rule 2.02(c) of Family Court Rules in effect at the time of the hearing. Rule 2.02(c) required that "[a]ll motions and orders to show cause shall be accompanied by appropriate supporting affidavits. The paragraphs of the affidavits should be specific and factual; * * *." The recently promulgated rule that replaced Rule 2.02(c) similarly provides that "[m]otions shall set out with particularity the relief requested in individually numbered paragraphs. All motions must be supported by appropriate affidavits, relevant and material to the issues before the court." Minn.R.Fam.Ct.P. 2.02 (effective January 1, 1987). It also requires the paragraphs of the affidavits to be "specific and factual." *Id.*

The change of circumstances demonstrated by respondent's affidavit was sufficient to meet the requirements of the rules in order to have a motion hearing scheduled. On a child support issue, the burden of proof is not entirely one-sided, but often requires disclosures by both parties to permit resolution of the questions. *See* Minn.Stat. § 518.17, subd. 4 (1984); *see also Knott*, 358 N.W.2d at 496 (child support "requires a consideration of the needs and financial resources of both parties and the children").

Third, appellant contends the order to show cause improperly shifted the burden of proof onto him. We agree that the order to show cause was worded such that appellant might understand that it was his responsibility to disprove a claim for modification.

In those uncommon circumstances when an order to show cause accompanies a motion for modification, the command can only be for the person to show cause, if any, in response to presentation of a motion by the other party, without expressing or implying any presumptive support of the court for the motion. Errors in the order form need not be corrected in this case, as there is no evidence that the trial court put a wrongful burden of proof on appellant. Rather, each party accepted the responsibility of presenting evidence on their past and current family circumstances, and the court's findings reveal its explicit application of statutory modification limitations.

In addition, the respondent utilized only an order to show cause form, without separately stating her modification motion. We agree that an order to show cause is not a substitute for a motion for modification. Here, however, there is nothing in the record to suggest that appellant was not fully informed on the motion claim.

Finally, appellant objects to the trial court's decision to proceed directly to a hearing on the merits without first considering appellant's motion to strike the order to show cause. He claims the court's procedure denied him adequate time to prepare for an evidentiary hearing.

We find no merit in appellant's claim. The order to show cause required appellant to appear and respond to the motion for a modification of child support. The order required him to bring tax records, employment records, and other financial documents, and gave appellant two weeks to prepare for the motion hearing.

Appellant moved to strike the order to show cause and to deny the modification. Still, appellant attached an affidavit in which he detailed his financial circumstances and responded to statements made in support of the motion for modification.

Appellant then appeared with counsel at the hearing and testified to his financial circumstances. His attorney gave no indication to the court that he was not prepared for a hearing on the merits of the modification motion and did not request a continuance. He said nothing about his motion to strike the order to show cause. The attorney did submit a memorandum after the hearing, in which he argued the court had no jurisdiction over the motion to modify support because no facts supported the motion for the order to show cause. We agree with the trial court's conclusion

that appellant "waived his objection to this court's jurisdiction by personally appearing and participating in the action without specific objection thereto."

## DECISION

The trial court's findings on the substantial change in respondent's circumstances are adequate and are supported by the evidence. The court erred in determining appellant's income, and its conclusion that the changes rendered the terms of the original support order unreasonable and unfair must be reevaluated upon a proper determination of that income. If the former award is found unfair, the court will determine the appropriate modification based on its finding on appellant's income. The case is remanded for further proceedings consistent with the law and this opinion.

Affirmed in part, reversed in part, and remanded.