**In re the Marriage of Sonja Elizabeth BURNS, Petitioner, Respondent,**

v.

**Richard Dean BURNS, Appellant.**

**No. CX–90–1609.**

Court of Appeals of Minnesota.

March 5, 1991.

Roger E. Petersen, Petersen & Mulcahey, Rochester, for appellant.

Robert W. Patterson, Patterson–Restovich–Lund Law Offices, Ltd., Rochester, for respondent.

Considered and decided by NORTON, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Richard D. Burns appeals from a judgment of dissolution and order denying a new trial, claiming the trial court erred by applying the wrong formula to apportion the marital and nonmarital interests in the parties' real estate. He also seeks review of the trial court's division of funds contained in the parties' checking and savings accounts. By notice of review, Sonja E. Burns challenges the trial court's refusal to award her attorney fees. We affirm.

## FACTS

Appellant Richard D. Burns and respondent Sonja E. Burns were married in June 1983. Each have adult children from previous marriages. In December 1986, appellant retired from IBM and began receiving $16,176 per year in retirement benefits. From 1987 through 1989, he earned an additional $16,000 per year in part-time work for IBM, but was not working at the time of trial. He also receives approximately $13,000 per year as income from rental properties.

Respondent worked as a secretary for IBM during the marriage until she was discharged in March 1987. She testified that since that time she has been able to find only temporary employment. Respondent's total income in 1989 was $6,800. Both parties have vested IBM retirement pensions. Pursuant to the parties' stipulation, neither party was awarded maintenance, and respondent received a lump sum payment of $5,500 as a final division of the pension benefits.

Both parties owned real property prior to the marriage. They agreed that the property would be valued as of June 30, 1988, the date of separation, and stipulated as to the valuations.

Respondent owned the homestead where the parties lived during the marriage. At the time of the marriage, the homestead had a market value of $63,000 and was encumbered by a mortgage of $11,682, which was paid in full during the marriage. Marital assets in excess of $19,000 were used to improve the homestead and appellant provided much of the labor. By June of 1988 the homestead's market value had increased to $73,000, with $5,000 of the increase attributable to the improvements to the homestead and the other $5,000 attributable to market appreciation.

Appellant owned two four-plex apartment buildings, with a total market value of $225,500 at the time of marriage. The parties stipulated that during the marriage, $42,581.23 in rental income from the four-plexes and $57,418.77 in marital assets from other sources were used to pay a $100,000 mortgage on the property in full. By June 1988, the market value of the four-plexes had decreased to $216,500. Appellant managed the apartments with little assistance from respondent.

At the time of the marriage, appellant had savings and checking accounts totaling $12,596 and respondent had accounts totaling $5,290. These accounts were converted to joint accounts after the marriage. At the time of separation, the balance of ap-

pellant's premarital account had decreased to $3,852 and respondent's balance had increased to $19,163.

The trial court awarded the homestead to respondent and the apartment four-plexes to appellant. The trial court determined the marital interest in the homestead to be $17,885 and the marital interest in the four-plexes to be $95,910. The trial court found that the parties' bank accounts did not retain any nonmarital identity. The court divided the marital assets equally, with each party receiving $81,839 in marital property after appellant paid respondent $37,377 to offset his award of the more valuable real property. The trial court refused to award respondent any portion of her claimed attorney fees and costs totaling $9,800. This appeal followed the trial court's order denying the parties' post-trial motions.

## ISSUES

1. Did the trial court err by applying the wrong formula to determine the marital and nonmarital interests in the parties' real property?

2. Did the trial court abuse its discretion in its division of the parties' savings and checking accounts?

3. Did the trial court abuse its discretion in refusing to award respondent attorney fees?

## ANALYSIS

### I.

■ A trial court has broad discretion over the division of marital property in a dissolution and will not be overturned on appeal except for a clear abuse of discretion. *Bogen v. Bogen,* 261 N.W.2d 606, 609 (Minn.1977). While this court need not defer to a trial court's legal conclusion about the marital or nonmarital nature of property, this court must affirm the findings of fact supporting that conclusion unless they are clearly erroneous. *See Campion v. Campion,* 385 N.W.2d 1, 4 (Minn.App. 1986).

Minn.Stat. § 518.54, subd. 5 (1988) provides that all property acquired during the existence of a marriage is presumed to be marital property regardless of whether the title is held individually or in co-ownership. Here, it is undisputed that both the homestead and the apartment four-plexes have both marital and nonmarital aspects. Appellant contends the trial court used the wrong formula to compute the marital and nonmarital interests.

The trial court applied the formula approved by our supreme court for the first time in *Schmitz v. Schmitz,* 309 N.W.2d 748, 750 (Minn.1981). The *Schmitz* formula was reaffirmed and summarized as follows in *Brown v. Brown,* 316 N.W.2d 552 (Minn.1982):

> The present value of a nonmarital asset used in the acquisition of marital property is the proportion the net equity or contribution at the time of acquisition bore to the value of the property at the time of purchase multiplied by the value of the property at the time of separation.

*Id.* at 553.

■ Appellant argues that the trial court should have interpreted the *Schmitz* formula in the same way this court did in *Edlund v. Tennis,* 392 N.W.2d 600 (Minn. App.1986) and *Graeber v. Graeber,* 392 N.W.2d 589 (Minn.App.1986). We find no conflict between the formula as applied in those cases and as applied by the trial court in this case. The *Edlund* and *Graeber* courts merely referred to appreciation value at the time of dissolution rather than to market value at the time of separation as was done in *Schmitz. See Edlund,* 392 N.W.2d at 603; *Graeber,* 392 N.W.2d at 590. In this case, however, the fair market value of the four-plexes declined during the marriage. Therefore, there is no appreciation of that property. A literal application of a formula using the phrase "appreciation value" would result in a finding that there is *no* marital interest in the apartment four-plexes.

Appellant's argument regarding "appreciation value" is also unpersuasive in light of the further explication and illustration of the *Schmitz* formula set forth in *Nardini,* 414 N.W.2d at 193. In *Nardini,* the

court noted that in addition to the increase in value attributable to improvement of the property and market forces, the *Schmitz* and *Brown* formulas also recognize the increase in value attributable to the increase in equity by application of marital funds to reduce the mortgage indebtedness. *Nardini,* 414 N.W.2d at 193. The *Edlund* and *Graeber* computations do not address the factor of increased value where marital funds were used to eliminate mortgage indebtedness. This factor is particularly important here.

Alternatively, appellant argues that in determining marital and nonmarital interests in the four-plexes, the trial court should have used the formula employed in *Cummings v. Cummings,* 376 N.W.2d 726 (Minn.App.1985). In that case this court apportioned marital and nonmarital interests by focusing on the increase in equity, not on the amount by which marital funds had reduced mortgage balances. The fair market value of the property at issue in *Cummings,* like the four-plexes here, declined in value during the marriage. Nonetheless, despite the factual similarity between *Cummings* and this case, we find that the trial court correctly followed the formula set forth in *Nardini.*[1]

■ Although the fair market value of the property in the *Nardini* example increased during the marriage, there is no suggestion that a different formula must be applied if the value of the property declines or remains the same. The trial court's determination of a marital interest of $95,910 in the four-plexes equitably reflects the retirement of a $100,000 mortgage during the marriage.

■ Appellant also argues that the trial court erred in determining that the rental income produced by the four-plexes during the marriage, and utilized to retire the mortgage on that property, was marital property. We disagree. Income from nonmarital property is marital property. *See Campion,* 385 N.W.2d at 5; *Pearson v. Pearson,* 363 N.W.2d 337, 339 (Minn.App. 1985).

## II.

■ Appellant argues that in awarding the parties their respective checking and savings accounts, the trial court erred by failing to recognize that appellant's account balances had decreased from the time of marriage while respondent's had increased. Appellant concedes these accounts were reclassified as joint accounts after the marriage and commingled with other marital funds, and that the final account balances are marital property. Although respondent's final account balance was larger than appellant's, appellant was awarded other marital property to compensate for the discrepancy. Overall, the trial court's distribution of marital property was equal. We find no abuse of discretion.

## III.

■ Respondent contends the trial court's refusal to award her attorney fees was an abuse of discretion. We cannot agree. The trial court's denial of an award of attorney fees will not be disturbed, absent a showing of an abuse of discretion, and only rarely will a trial court's decision regarding attorney fees be overturned on appeal. *Rosenberg v. Rosenberg,* 379 N.W.2d 580, 587 (Minn.App.1985), *pet. for rev. denied* (Minn. Feb. 19, 1986). Although appellant's earning capacity is somewhat greater than respondent's, respondent received substantial marital assets, including a $37,000 cash award. We cannot find the trial court abused its broad discretion in refusing to award attorney fees.

1. Pursuant to that formula, total nonmarital interest is calculated by multiplying the percent of nonmarital interest at marriage by market value of the property at dissolution; the nonmarital interest is subtracted from the market value at dissolution to determine the marital interest; and the marital interest is then reduced by the amount of the mortgage balance. *Nardini,* 414 N.W.2d at 193. To the extent that the *Cummings* decision of this court may appear to have applied a formula which deviates from that set forth later by the supreme court in *Nardini,* we do not follow *Cummings.*

## DECISION

The trial court properly apportioned the marital and nonmarital interests in the parties' real property, pursuant to the formula set out in *Nardini,* 414 N.W.2d at 193. The trial court's division of the parties' checking and savings accounts and its refusal to award attorney fees to respondent were within its broad discretion.

Affirmed.