**In re the Marriage of Michele
M. FREKING, Petitioner,
Respondent,**

v.

**Jeffery A. FREKING, Appellant.**

**No. C5–91–1107.**

Court of Appeals of Minnesota.

Jan. 14, 1992.

Ruth Ann Webster, New Ulm, for respondent.

John I. Halloran, Jackson, for appellant.

Considered and decided by PETERSON, P.J., FORSBERG and KALITOWSKI, JJ.

## OPINION

PETERSON, Judge.

Appellant challenges the trial court's valuation of marital and nonmarital property and its child support calculation. On cross-appeal, respondent challenges the trial court's allocation of marital debt.

## FACTS

During the marriage appellant's parents gave him a one-half interest in the Brewster farm. This interest was valued at $119,250.00, subject to a $76,650.00 mortgage held by Federal Land Bank. The parties later gave Heron Lake State Bank a second mortgage on the Brewster farm to secure a $115,000.00 line of credit.

In 1987, appellant inherited a one-half interest in the Freking farm, which was valued at $160,000.00, subject to a $61,-500.00 mortgage held by Heron Lake State Bank. The parties refinanced their line of credit and the mortgage on the Freking farm by renewing the second mortgage on the Brewster farm and by giving Heron Lake State Bank a first mortgage on the Freking farm.

At trial, the parties stipulated that the current market values of appellant's one-half interests in the Brewster farm and the Freking farm were $198,750.00 and $195,-657.00 respectively. The parties also stipulated that the current balances owing on the Federal Land Bank mortgage and the line of credit mortgage were $33,145.00 and $180,585.00 respectively.

Appellant testified that he inherited a twenty-five percent interest in the homestead and a fifty percent interest in his father's farm machinery. Appellant admitted that the accelerated depreciation taken on the farm equipment for income tax purposes was about twice the actual depreciation. Appellant also testified that he voluntarily paid $16,000.00 toward the parties' eldest child's education.

## ISSUES

I. Are the trial court's findings of fact clearly erroneous?

II. Did the trial court err in valuing the parties' marital and nonmarital interests in the Freking and Brewster farms?

III. Did the trial court abuse its discretion in determining appellant's child support obligation or in requiring respondent to reimburse appellant for contributions to the parties' eldest child's education?

## ANALYSIS

### I.

Appellant argues the trial court's finding that the $61,500.00 Freking farm mortgage was fully repaid is clearly erroneous.

█ A trial court's findings will not be reversed unless clearly erroneous. *Gummow v. Gummow*, 375 N.W.2d 30, 35 (Minn.App.1985); *see Campion v. Campion*, 385 N.W.2d 1, 4 (Minn.App.1986). A party must prove by a preponderance of the evidence that an asset is nonmarital. *Kottke v. Kottke*, 353 N.W.2d 633, 636 (Minn.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984); *Campion*, 385 N.W.2d at 5.

█ When appellant inherited the Freking farm, his one-half interest was subject to a $61,500.00 mortgage. The parties refinanced the mortgage through their Heron Lake State Bank line of credit. Payments on the line of credit do not distinguish between repayment of refinance debt and repayment of other farm operation debt. While appellant admits the nature of the line of credit prevents him from proving that the parties have not fully repaid the

$61,500.00 loan, he argues the parties intended to amortize the loan over 30 years. Nothing in the record, however, suggests the parties intended to amortize the loan. The court's finding that the $61,500.00 loan was fully repaid is not clearly erroneous.

Respondent argues the trial court findings that appellant proved his nonmarital interests in the homestead and farm equipment by a preponderance of the evidence are clearly erroneous. The record, however, supports both these findings. While not in issue on appeal, this court notes the trial court's finding that the value of appellant's one-half interest in the farm equipment was $150,000.00 in 1987 is not supported by the record. The record indicates that the value of appellant's one-half interest was only $75,000.00. This mathematical error in no way affects the trial court's characterization of the farm equipment as nonmarital property; it only affects the value of appellant's nonmarital interest.

## II.

Appellant argues that the trial court erred in valuing the parties' marital and nonmarital interests in the Brewster and Freking farms.

 A trial court has broad discretion over the division of marital property in a dissolution and will not be overturned except for a clear abuse of discretion. *Burns v. Burns*, 466 N.W.2d 421, 423 (Minn.App. 1991). While this court need not defer to a trial court's legal conclusion about the marital or nonmarital nature of property, it must affirm the findings of fact supporting that conclusion unless they are clearly erroneous. *Id.*

██ It is undisputed that both the Brewster and Freking farms are hybrid marital-nonmarital property as defined by Minn. Stat. § 518.54, subd. 5 (1990). In calculating the values of appellant's nonmarital interests in the Brewster and Freking farms, the trial court applied the formula developed in *Schmitz v. Schmitz*, 309 N.W.2d 748, 750 (Minn.1981). The *Schmitz* formula apportions a property's increased equity between marital and nonmarital interests. *Brown v. Brown*, 316 N.W.2d. 552, 553 (Minn.1982).

In *Schmitz* the parties purchased a duplex for $38,000, paying $8,000 down and giving a mortgage for the balance. *Schmitz*, 309 N.W.2d at 748. The $8,000 down payment was nonmarital property. *Id.* During the marriage, the value of the duplex more than doubled and the mortgage balance was reduced using marital funds. *Id.* at 749. The *Schmitz* court explained that the nonmarital down payment's proportion to the purchase price multiplied by the property's current fair market value accurately reflected the increased value directly attributable to the nonmarital interest. *Id.* at 750. The value of the marital interest could then be calculated by subtracting the value of the nonmarital interest and any remaining mortgage balance from the property's current fair market value. *Nardini v. Nardini*, 414 N.W.2d 184, 193 (Minn.1987). This formula applies whether the fair market value increases, decreases, or stays the same. *Burns*, 466 N.W.2d at 424.

The *Schmitz* formula does not address the issue presented here. Unlike *Schmitz*, the parties here used both their marital and nonmarital interests in the farms to secure their line of credit from Heron Lake State Bank. Although the fair market value of the farms increased after the parties acquired their interests, there was no increase in equity because the additional mortgage debt incurred by the parties was greater than the increase in fair market value. Because the line of credit mortgage debt was incurred after the parties obtained their marital and nonmarital interests in the farms, the trial court erred when it determined the values of these interests.

To determine the value of the nonmarital interest in each farm, the trial court multiplied the proportion of net equity to fair market value at the time appellant acquired the farm times the fair market value at the time of dissolution. This calculation was apparently made to reflect the rationale in *Schmitz* that the value of appellant's nonmarital interest in each farm remained a

constant percentage of the fair market value of the farm.

To determine the value of the marital interest in each farm, the trial court made two calculations. First, it subtracted the value of the nonmarital interest in the farm from the fair market value of the farm. From this amount it then subtracted the remaining balance of the $76,650.00 mortgage or the $61,500.00 mortgage that encumbered the farm when it was acquired by appellant. Nowhere in its calculations did the trial court subtract from the market value of the farms the outstanding amount of the line of credit debt.

The method used by the trial court to value the marital and nonmarital interests in the farms does not accurately reflect the effects of the parties' actions during the marriage. After obtaining their interests in the farms, the parties borrowed money from Heron Lake State Bank and gave the bank a mortgage on the farms to secure their debt. This mortgage reduced the values of the parties' marital and nonmarital interests in the farms.

The effect of the trial court's valuations of the marital and nonmarital interests in the two farms is to assign no value to the mortgage the parties gave Heron Lake State Bank to secure a $180,585.00 line of credit debt. This does not accurately reflect the fact that, if the farms were sold, the bank's mortgage interest would have to be satisfied before any sale proceeds could be attributed to either a marital or nonmarital interest in the farms. The trial court overvalued both the marital and nonmarital interests in the farms when it failed to consider Heron Lake State Bank's mortgage interest. The findings of fact regarding the values of the marital and nonmarital interests in the farms were clearly erroneous.

Because the marital interests in the farms were overvalued, the respondent received more than one-half of the marital property in the trial court's division of property. Although an equal division of marital property is not required, the trial court made clear in its orders that an equal division was intended. We remand for fur-

ther consideration of the property division consistent with this opinion.

## III.

Appellant argues the trial court abused its discretion by disallowing the accelerated depreciation deduction when determining his net income.

Determining child support is left to the broad discretion of the trial court. *Stevens County Social Serv. Dep't ex rel. Banken v. Banken*, 403 N.W.2d 693, 697 (Minn.App.1987). A trial court abuses this discretion when it comes to a clearly erroneous conclusion which is against logic and the facts on the record. *Id.*

When substantial depreciation deductions are taken on a farming operation, tax returns alone may be insufficient data to determine income. *Otte v. Otte*, 368 N.W.2d 293, 297 (Minn.App.1985). Taxable income is not always a reliable indication of net income. *Id.* A total disregard of depreciation, however, is reversible error. *Stevens*, 403 N.W.2d at 697.

The district court did not totally disregard appellant's depreciation. The court simply disallowed the accelerated portion of the depreciation deduction. The court relied on appellant's own testimony that the actual depreciation was about half of the accelerated depreciation. The court did not abuse its discretion in disallowing the accelerated depreciation.

Respondent argues the trial court abused its discretion by requiring her to reimburse half of appellant's contributions to their child's college education.

Trial courts have broad discretion in allocating marital debts. *Dahlberg v. Dahlberg*, 358 N.W.2d 76, 80 (Minn.App.1984). The record indicates, however, that these college expenses were paid in full prior to the dissolution. The trial court's characterization of these expenditures as "marital debt" is misplaced because there is no debt owing. The trial court abused its discretion by requiring respondent to reimburse appellant for half of these expenditures.

.. 

## DECISION

The trial court's findings that the $61,-500.00 Freking farm mortgage was fully repaid, that appellant has a twenty-five percent nonmarital interest in the parties homestead, and that the farm equipment is nonmarital property are not clearly erroneous. The trial court did not abuse its discretion by disallowing appellant's accelerated depreciation when calculating child support. The trial court abused its discretion by requiring respondent to reimburse appellant for college expenses. The trial court's valuation of the parties' marital and nonmarital interests in the two farms was erroneous.

Affirmed in part, reversed in part, and remanded.